

*Counselors at Law*

Writer's Direct Dial: (516) 663-6579
Writer's Direct Fax: (516) 663-6779
Writer's E-Mail: mdidora@rmfpc.com

July 26, 2011

By ECF

Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: *Allstate Insurance Co., et al. v. Lyons, et al.*
             11-CV-02190 (JG)(VVP)

Dear Judge Gleeson:

      We are counsel to defendants Ilya Burshteyn, M.D. ("Burshteyn"); A Plus Medical P.C. ("A Plus"); Omega Medical Diagnostic, P.C. ("Omega") and Shore Medical Diagnostic, P.C. ("Shore") (collectively, the "Defendants") in this case. We write pursuant to Rule 2(A) of Your Honor's individual practice rules to request a pre-motion conference in connection with our anticipated motion pursuant to Fed. R. Civ. Proc. 12(b)(6) and 9(b) and 28 U.S.C. §§ 1332 and 1367. The bases of this motion are summarized below; however, briefly they are as follows: Our proposed motion would seek to dismiss the federal RICO claims and several of the state-law claims for failure to assert a claim upon which relief can be granted. With the dismissal of the federal RICO claims, there will be no independent basis for the Court to exercise subject matter jurisdiction over this case, and we will request that the Court decline to accept supplemental jurisdiction of the surviving state-law claim (unjust enrichment).

### *The Allegations in the Complaint*

      Plaintiffs' complaint relates to the operation of six corporate defendants: (1) Oracle Radiology of NY, P.C., (2) Atlantic Radiology Imaging P.C. and its successor Atlantic Radiology, P.C., (3) Right Aid Diagnostic Medicine, P.C., (4) A-Plus, (5) Shore, formerly known as Omega and (6) Aurora Radiology P.C. Plaintiffs do not allege that there was any common ownership, management or control among any of these corporate entities. Indeed, there is not a single allegation in the complaint to suggest that the owners of any one corporation had any knowledge regarding the operation or affairs of any other corporation, corrupt or otherwise.



July 26, 2011
Page 2

Nevertheless, the plaintiffs have lumped each of these corporations, along with their owners and employees, into a single complaint. The claims for relief fall into two categories: First civil RICO claims (18 U.S.C. § 1962(c)) against each owner, and in some instances, manager, of the corporate defendants and defendant John S. Lyons, M.D. The second category consists of state-law claims alleging fraud, deceptive business practices, unjust enrichment and declaratory relief against all defendants.

### *The RICO, Fraud, Deceptive Business Practices and Declaratory Judgment Claims Against the Defendants Must be Dismissed for Failure to State a Claim*

In their second, third, fourth and ninth claims for relief, plaintiffs accuse Burshteyn (among others) of violating 18 U.S.C. § 1962(c) and (d). Among the elements that a plaintiff must allege in order to make out a RICO claim is that the defendant engaged in the conduct of an enterprise by which the defendant is employed or associated, through a pattern of racketeering activity. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). In addition, the alleged racketeering activity must be independent from the business of this enterprise generally. The absence of any one of these elements requires dismissal of the RICO claim. Here, plaintiffs' RICO claims against Burshteyn are based upon the alleged inadequacy of MRI scans and reports submitted by A Plus, Omega and Shore in connection with their claims for reimbursement. The submission of reimbursement claims is inextricably interwined with the Defendants' businesses and cannot form the basis of a RICO claim. Furthermore, the plaintiffs have not alleged that Burshteyn had any knowledge or reason to suspect that there was a problem with the MRI scans and reports, which would give raise to racketeering activity by Burshteyn. Thus, plaintiffs have not adequately stated a RICO claim against Burshteyn.

Similarly defective is plaintiffs' tenth claim, alleging fraud. The circumstances of a fraud claim must "be stated with particularity." Fed. R. Civ. Proc. 9(b). This includes allegations attributing specific statements which the plaintiff alleges to be false to a particular defendant. Plaintiffs' complaint here is utterly lacking in that regard. Indeed, the complaint is devoid of any allegedly false statement made by Burshteyn. As such, the tenth claim must be dismissed.

Also defective is plaintiffs' eleventh claim, alleging deceptive business practices in violation of General Business Law § 349. Among the elements that a plaintiff must allege is that the defendant engaged in deceptive conduct aimed at consumers. *See Oswego Laborer's Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 NY2d 20, 25 (1995). Disputes based upon private contracts do not amount to deceptive business practices within the meaning of Section 349. Here, plaintiffs' allegations against the Defendants are based upon an indeterminate



July 26, 2011
Page 3

number of private insurance contracts issued by plaintiffs and cannot for the basis of a Section 349 claim. Thus, plaintiffs' eleventh claim must be dismissed.

Finally, plaintiffs have failed to allege a violation of the corporate-practice-of-medicine rule to warrant the declaratory sought in their thirteenth claim. Such a claim is dependent upon the plaintiff pleading that the corporate defendant is actually owned by lay persons. Plaintiffs' complaint fails to assert this fundamental allegation against A Plus, Omega or Shore. Indeed, an analysis of plaintiffs' complaint reveals that plaintiffs have absolutely no information regarding the ownership of these entities other than the fact that they are each owned by Burshteyn, who is a licensed professional authorized to own medical corporations such as A Plus, Omega and Shore. Thus, plaintiffs' thirteenth claim for relief must be dismissed.

### *The Court Should Decline to Exercise Supplemental Jurisdiction Over the Remaining State-Law Claims*

Finally, with the dismissal of plaintiffs' federal RICO claims, there is no independent basis for the Court's subject matter jurisdiction. Without the RICO claim, there is no federal question jurisdiction. Additionally, there is no diversity jurisdiction because two plaintiffs (Allstate New Jersey Insurance Company and Allstate New Jersey Property and Casualty Insurance Company) are citizens of the same state (New Jersey) as two defendants (John S. Lyons, M.D. and Sanna Kalika, M.D.). The remaining claim (unjust enrichment) is based entirely on New York State common law. Therefore, the Court should decline to exercise supplemental jurisdiction over that claim and should dismiss the Complaint in its entirety. *See* 28 U.S.C. § 1367(c)(3).

Therefore, for the foregoing reasons, the Defendants respectfully request that the Court schedule a pre-motion conference in connection with our anticipated motion to dismiss, where each of the foregoing defects in plaintiffs' complaint can be more thoroughly addressed to the court.

Respectfully Submitted,

Matthew F. Didora
For the Firm

MFD/mfd



July 26, 2011
Page 4


cc: Smith & Brink, P.C.
1205 Franklin Avenue
Suite 260
Garden City, New York 11530

Blodnick, Conroy, Fazio, & Diglio, P.C.
1325 Franklin Avenue
Suite 555
Garden City, New York 11530

Peter Birzon & Associates
400 Jericho Turnpike
Suite 100
Jericho, New York 11753

Howard R. Birnbach, Esq.
111 Great Neck Road
Suite 413
Great Neck, New York 11021