

ATTORNEY MICHAEL W. WHITCHER
MWHITCHER@SMITHBRINK.COM
*ADMITTED IN MASSACHUSETTS AND*
*CONNECTICUT FEDERAL COURT*

**SMITH & BRINK, P.C.**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
WWW.SMITHBRINK.COM

**BRAINTREE**
**350 GRANITE STREET**
**SUITE 2303**
**BRAINTREE, MA  02184**
TEL: (617) 770-2214
FAX: (617) 774-1714

July 29, 2011

**VIA CM/ECF FILING AND**
**U.S. FIRST CLASS MAIL**
The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6C
Brooklyn, NY  11201

Re:     Allstate Insurance Company, et. al., v. Lyons, et. al.
        *United States District Court, Eastern District of New York*, C.A. No. 1:11-cv-02190-JG-VVP

Dear Judge Gleeson:

        Pursuant to Your Honor's Individual Motion Practices § 2.A, plaintiffs, Allstate Insurance Company and its affiliates (collectively "plaintiffs" and/or "Allstate"), hereby respond to defendants, John S. Lyons, M.D. ("Lyons"), Sanna Kalika, M.D. ("Kalika"), and Right Aid Diagnostic Medicine, P.C.'s ("Right Aid") (collectively "moving defendants"), request for a pre-motion conference (Docket No. 61) regarding a prospective motion to dismiss pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).  Allstate respectfully disagrees with the moving defendants' interpretation of the Complaint, and maintains—for the reasons detailed herein—that the Complaint states adequate claims for relief on all counts.  Based on the legal sufficiency of Allstate's Complaint, a pre-motion conference on this matter will not be a useful expenditure of the parties'—and this Court's—resources, and the moving defendants' request should be denied.  Moreover, because Allstate's Complaint is sufficient on all counts, the moving defendants should not be permitted to file a motion to dismiss, and if such a motion is filed, it should be denied in its entirety.

## I.     Allstate's Complaint Sets Forth a Valid RICO Enterprise

        The moving defendants claim that Allstate fails to allege an enterprise "separate and apart from the pattern of activity in which it engages."  *See* Docket No. 61 at p. 2.  This argument must fail.  The term "enterprise" includes any individual, partnership, corporation, association or other legal entity and any union or group of individuals associated in fact although not a legal entity.  18 U.S.C. §1961(4).  Generally, there are three different types of enterprise that can play host to RICO liability: (1) enterprise (related to the company being manipulated to perpetrate a fraud, i.e. Right Aid and its entity co-defendants); (2) innocent victim enterprise; and (3) association-in-fact enterprise in which a group of persons associate, formally or informally, for a common purpose to engage in a course of conduct.  *See U.S. v. Indelicato*, 865 F.2d 1370, 1376-77 (2d Cir. 1989) (citing *U.S. v. Turkette*, 452 U.S. 576, 583 (1981)).

        For purposes of the moving defendants' enterprise liability, Allstate specifically alleges that the RICO defendants in Count I (John S. Lyons, M.D. and Sanna Kalika, M.D. *only*) directly participated in and conducted the affairs of Right Aid (the enterprise for the purposes of Count I).  *See* Docket No. 1 at ¶¶ 538-555.  Allstate will demonstrate that Lyons and Kalika infiltrated and manipulated Right Aid—a professional corporation providing medical services—to further their scheme to defraud.  Using Right Aid as their vehicle, Lyons and

Kalika conspired to engage in numerous acts of medical billing fraud with respect to the provision (and subsequent interpretation) of MRI radiological studies. The Count I defendants' use of Right Aid to carry-out these acts allowed the defendants to accomplish their objectives—obtaining payment from Allstate for MRI studies based on the false records created and signed by Lyons and Kalika. Importantly, Right Aid is not named as a defendant under Count I; instead, only the individual defendants (Lyons and Kalika) are named as the actual defendants. Accordingly, Allstate's Complaint sufficiently pleads a RICO enterprise under Count I.

## II.    Allstate's Allegations Are Sufficient Under Fed. R. Civ. P. 9(b)

The moving defendants claim that Allstate's allegations do not comport with the requirements of Rule 9(b), yet they provide no specific examples of why Allstate's allegations are insufficient. Accordingly, this argument must also fail. Allstate's allegations satisfy the requirements of Rule 9(b) in all respects. "In the RICO context, Rule 9(b) calls for the complaint to specify the statements it claims were false and misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Moore v. PaineWebber, Inc.*, 189 F.3d 169, 173 (2d Cir. 1999); *see also International Telecom, Inc. v. Generavora Electrica del Oriente, S.A.*, 2002 U.S. Dist. LEXIS 5023 (S.D.N.Y. Mar. 27, 2002) (explaining that to survive scrutiny under Rule 9(b), fraud allegations generally should specify the time, place, speaker and content of an alleged misrepresentation).

Allstate's allegations against the moving defendants are two-fold: (1) the defendants, through Right Aid, routinely created bogus MRI reports that materially misrepresented the patients' true condition (*see* Docket No. 1 at ¶¶ 139-257, 298-328, 354-374); and (2) the moving defendants materially misrepresented Right Aid's eligibility to collect No-Fault benefits under New York law (*see id.* at ¶¶ 423-434). As specifically detailed in the Complaint, the defendants submitted numerous MRI interpretation reports with fictitious findings. Moreover, every time the moving defendants demanded payment from Allstate—via "NF-3" forms submitted to Allstate through the U.S. Mail—it was represented that all treatment was provided by Kalika, when in reality, the treatments were actually provided by Lyons. The moving defendants' conduct in this regard materially misrepresented information germane to the treatment of patients, and actively concealed Lyons' involvement in the treatment of patients, thus rendering non-compensable the invoices submitted by Right Aid.

Allstate's Complaint further satisfies Rule 9(b) where it is clear as to the time, place and content of the defendants' misrepresentations. The period encompassed in Allstate's Complaint is 2002 through the present, and specific referral is made to dates that documents were sent by the defendants through the U.S. Mail. *See* Docket No. 1 at Exhibit 14. The location of the alleged fraudulent representations made by the defendants (and sufficient to put them on notice of the conduct alleged against them) has been specifically pled to have occurred at or near the defendants' places of business located in New York. *See id.* at ¶¶ 38-66. Finally, the content of the defendants' fraudulent representations is pled with requisite particularity. The Complaint clearly alleges that the defendants—including the moving defendants—falsely attested to (1) the legitimacy of MRI studies, and (2) Right Aid's eligibility to collect No-Fault proceeds when submitting demands for payment to Allstate. The Complaint further details how the moving defendants worked together to perpetrate this scheme. Based on the foregoing, Allstate has met its burden under Fed. R. Civ. P. 9(b).

## III.    Allstate's State Law Claims are Sufficient

The moving defendants seek the dismissal of Allstate's state law claims on the basis that there is "no evidence upon which to logically argue that the subsequent treatment is unnecessary." Docket No. 61 at p. 2. This argument is unavailing whereas Allstate's Complaint does not seek recovery based on the unnecessary nature of the services purportedly provided by the defendants. As stated above, Allstate's claims are based, in part, on the fact that the defendants demanded—and received—payments based on records containing fabricated MRI findings.

### A.      The Moving Defendants Engaged in Unfair and Deceptive Business Practices

Allstate's allegations strike at activity that is "consumer-oriented," and are sufficient to state a claim under N.Y. Gen. Bus. Law § 349. The defendants used consumer automobile insurance policies as the platform upon which to base their fraudulent activities. Undoubtedly, the actions of the defendants harmed the public at large by increasing the cost of insurance throughout the New York marketplace. Such conduct (and allegations assailing this conduct) falls within the scope of § 349, and, at this stage, are pled sufficiently to withstand a motion to dismiss. *See Matter of Bergamo Med., P.C.*, 2007 N.Y. Slip. Op. 27304, *7 (Sup. Ct., Jul 26, 2007) (citing 9 N.Y.C.R.R. § 5-109 for the proposition that fraudulent motor vehicle claims practices harm consumers, health care providers and insurers by increasing insurance costs, perhaps costing the average New York consumer hundreds of dollars per year in higher insurance premiums); *Allstate Ins. Co. v. Rozenberg*, 590 F. Supp. 2d 384, 395 (E.D.N.Y. 2008) (denying defendants' motion to dismiss an insurer's § 349 claim whereas "the fact that the Defendants' alleged scheme would almost certainly result in higher premiums for insurance consumers is sufficient, at this stage, to show that the alleged fraud had 'ramifications for the public at large'").[1] Accordingly, the moving defendants' motion to dismiss Allstate's §349 claim must be denied.

### B.      The Moving Defendants Are Liable for Common Law Fraud

Under New York law, success on a claim for common-law fraud is contingent upon a showing by plaintiff that: (a) the defendants made a misrepresentation or an omission of material fact; (b) the misrepresentations and/or omissions were made with the intent to deceive plaintiff; (c) there was justifiable reliance upon the misrepresentation by plaintiffs; and (d) plaintiffs' injury was caused by the defendants' misrepresentation or omission. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 n.8 (2d Cir. 2006). Allstate's Complaint sets forth specific claims concerning the defendants' repeated practice of misrepresenting the actual condition of Right Aid's patients. Allstate maintains that its allegations sufficiently address each of the elements required to prove common law fraud under New York law.

### C.      The Moving Defendants Have Been Unjustly Enriched

To prove a claim of unjust enrichment under New York law, Allstate is required to plead and prove:  (1) the defendants were enriched; (2) the enrichment was at the expense of the plaintiffs; and (3) that the circumstances were such that equity and good conscience require the defendants to make restitution to Allstate. *See Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey*, 448 F.3d 573, 586 (2d Cir. 2006) (*citing Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)). Here, Allstate alleges that defendants wrongfully obtained payments from Allstate through their unlawful activities; therefore, defendants are not entitled to retain the payments that were made by Allstate. *See* C. at ¶¶ 707-711. Contrary to the moving defendants' claims, proof of intent, reliance, and knowledge of falsity of the defendants' statements are immaterial to Allstate's unjust enrichment claim.

## IV.      Conclusion

Allstate will demonstrate that the Complaint sets forth legally cognizable claims for relief under 18 U.S.C. § 1962, and the state law claims of unjust enrichment, common law fraud, and unfair and deceptive business practices. Moreover, Allstate will demonstrate that its allegations easily satisfy the heightened pleading standard required under Fed. R. Civ. P. 9(b). Because Allstate's RICO claims are sufficient, there is no substantive reason for this Court to decline to exercise supplemental jurisdiction over the state law claims, including Allstate's declaratory judgment request (indeed, the moving defendants have provided no explanation supporting dismissal of the declaratory judgment count). Accordingly, the moving defendants' anticipated motion to dismiss lacks merit. If filed, the moving defendants' motion to dismiss must be denied in its entirety.

---

[1] Notably, counsel for the moving defendants, Matthew Conroy, was counsel of the record for the moving defendants in the *Rozenberg* matter.

3

Respectfully submitted,

Michael W. Whitcher (MW7455)

cc:  All parties (via CM/ECF filing)

4