August 29, 2011

Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Allstate Insurance Co., et al. v. Lyons, et al.*,
                No. 11-cv-2190 (JG)(VVP)

Dear Judge Gleeson:

      We represent defendants Harvey Stern, M.D. (Stern), Joseph McCarthy, M.D. (McCarthy), Atlantic Radiology Imaging P.C. (Atlantic Imaging), Atlantic Radiology P.C. (Atlantic Radiology), Simon Korenblit (Korenblit), Edward Atbayshan (Atbayshan), and Alexander Zharov (Zharov) (collectively, the Defendants), in the above-referenced case. Pursuant to Rule 2(A) of your individual practice rules, we write to request a pre-motion conference for a motion pursuant to Fed. R. Civ. Proc. 12(b)(3), 12(b)(6), and 9(b).

      Defendants plan to request that Plaintiffs legal claims, all of which relate to the payment of no-fault insurance benefits, be referred to arbitration. New York Insurance Law ¤ 5106, and the insurance policies underlying the benefits in question, require arbitration of such claims if requested by an insurance claimant or assignee. It is worth noting that insurers, including Plaintiffs, often raise accusations of fraudulent incorporation and fraudulent medical practice as defenses in actions seeking payment of no-fault benefits. Claimants retain the option of electing arbitration, however, even where an insurer initiates and action to recover benefits previously paid, as here. *See Country-Wide Insurance. Co. v. Frolich*, 465 N.Y.S.2d 446, 446 (N.Y. City Civ. Ct. 1983).

      Defendants also intend to argue that Plaintiffs claims should be dismissed, in any event. With respect to our clients in particular, Plaintiffs have not adequately alleged frauds – both in substance and with the specificity required by Rule 9(b) – based on either fraudulent incorporation or fraudulent medical practice in connection with Dr. Lyons. Plaintiffs federal RICO claims fail absent any properly alleged predicate acts. These RICO claims are also not ripe and fail to allege a pattern of racketeering activity, among other defects. Absent adequately alleged wrongdoing by Defendants, Plaintiffs state law claims should be dismissed as well.

      For these reasons, Defendants request that the Court either schedule a pre-motion conference or set (or direct the parties to set) a motion schedule, as appropriate. In the

alternative, the Defendants can conform to the same motion schedule set forth for other codefendants in this case.

        Very Truly Yours,

        Wesley Mead